## Buzzard, et al. v. Ashbrooks, Trustee, et al.

(Decided November 21, 1919.)

### Appeal from Harrison Circuit Court.

Specific Performance—Deed Executed by Trustee in Pursuance of Will—Title.—Land was devised to the devisee for her life, and at her death to her bodily heirs. A provision of the will gave power to the life tenant to sell the property for reinvestment when she desired to do so, but required her to manifest her desires to the county court, who was authorized by the will to appoint a trustee to execute the sale and make reinvestment, and that he should execute bond for the faithful performance of his duties. Held, that a deed executed by a trustee appointed by the county court as the will directed, and in which deed the devisee joined, conveyed a good title which the vendee was required to accept and to execute a deed for the land he agreed to give in exchange, and that the court in this proceeding (brought for a specific performance) properly so adjudged.

M. C. SWINFORD for appellants.

HANSON PETERSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

George W. Buzzard died testate, a resident of Harrison county. One of the executors of his will who qualified was the appellant and plaintiff below, H. J. Buzzard. The will devised to testator's children a tract of land, but provided that the interest of the daughters should be held by them during their natural lives, and then go to their bodily heirs, but if none, then "to be divided equally among her brothers and sisters *per stirpes.*" The will further provided that:

"If at any time it becomes necessary or desirable to sell the land devised to any of my daughters or for any reason making it desirable to change the investment, then the county court may on motion of the daughter desiring the change appoint either of the executors herein named, or if they should be not then living, or if they should refuse to qualify, appoint someone else the trustee or executor, who will be authorized to make the sale and convey an absolute title to the lands so sold, but bond with proper security shall be required of the trustee or executor that he will faithfully discharge the duties as such, and invest the money in other lands, the title to be taken the same as that sold."

After the testator's death, by a suit brought in the Harrison circuit court for that purpose, the land was divided among the devisees, to whom the master commissioner of the court executed deeds as directed by the judgment, which deeds as to the daughters included the provision of the will above inserted. There was allotted to Dora Ashbrooks (nee Buzzard) thirty-one acres. She afterward became convinced that it would be to her interest, and to the interest of all concerned, to exchange the portion allotted to her with the appellees and defendants below, A. C. and Blanche Buzzard, for a tract containing eighty-six acres in Boyle county. To carry out the provisions of the will concerning the sale and reinvestment of the proceeds of the land devised to her, she applied to the county court of Harrison county and manifested her desires, as well as the necessity therefor, and that court appointed the executor and plaintiff, H. J. Buzzard, as trustee for the purpose of making the exchange. He executed bond, as required by the above provision of the will, and entered into written contract with the defendant for the exchange of the two tracts of land. He then prepared and executed a deed to defend-

ants, conveying to them the thirty-one acres, in which deed Mrs. Ashbrooks and her husband joined. The deed recited the will, as well as the action taken before the county court, and it was tendered to defendants with a request that they execute their deed to Mrs. Ashbrooks for the eighty-six acres in Boyle county, but they refused to do so, and this suit was brought asking a specific performance of the contract:

The relief was resisted upon the ground that the tendered deed was ineffective to pass the title, since, as claimed, the county court was without jurisdiction to appoint a trustee, and that the sale for reinvestment should have been made under a decree of the circuit court in a suit brought for that purpose and in which all those interested should have joined as plaintiffs or made defendants. The court declined to adopt the contention of the defendants, and adjudged a specific performance of the contract, and complaining of that judgment the defendants prosecute this appeal.

The method provided by the will for a sale of the devisee's land for reinvestment, as will be readily seen, does not conform to the provisions of our law with reference to such sales where no power is conferred upon the vendor by his title papers. But we know of no rule which would prohibit a testator from making a provision of his own in that respect, especially if it does not contravene some established rule of public policy. Indeed it would appear that the only purpose of the provision of the will in this case, requiring the appointment of a trustee to make the conveyance and the reinvestment, was in the nature of a direction that the person appointed would act in an advisory capacity to the testator's daughter desiring to make the sale and reinvestment, and perhaps for the further purpose of safeguarding the provision that the reinvestment should be made, as is evidenced by the requirement that the trustee should give bond "that he will faithfully discharge the duties as such and invest the money in other lands, the title to be the same as that sold." The effect was the same as if the devisee had been given the power by the will to herself make the sale and the reinvestment, but with the responsibility on the trustee to see to it that the provisions of the will would be carried out as the testator directed.

We construe this as only a method adopted by the testator to provide a guarantee in the way of a bond that his wishes should be fully executed. We have been referred to no case militating against the plan adopted by the testator, except that of Bill v. Burgess, 15 Ky. Law Rep. 41, but the facts of that case are radically different from those of the one before us. There the life tenant made a private sale of the land and afterwards brought a suit to obtain judgment of the court confirming that sale. The court rightfully held that it had no jurisdiction to render any such judgment. No question of the proper execution of a power was involved in that case, and we find nothing in it in conflict with the judgment appealed from.

Wherefore, it is affirmed.